UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE JACKSON, | ) | 1:15CV0253 |
| | ) | |
| Petitioner | ) | JUDGE JAMES S. GWIN |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ALAN J. LAZAROFF, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM AND |
| | ) | <u>ORDER</u> |

McHARGH, MAG. J.

The petitioner Maurice Jackson ("Jackson") has filed a petition for a writ of habeas corpus through counsel, arising out of his 2000 convictions, based on a negotiated guilty plea, for rape and kidnapping, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Jackson raises two grounds for relief:

> 1. Mr. Jackson's separate convictions and sentences for the charges of rape and kidnapping violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.
>
> 2. Mr. Jackson was denied due process when the trial court did not inform him of his direct appeal rights and his subsequent application for leave to file a delayed appeal was denied.

(Doc. 1, § 12.)

Jackson has filed a motion to stay and abate this habeas proceedings pending state court action. (Doc. 6.) The respondent has filed an opposition to the motion to

1

stay. (Doc. 8.) The respondent has also filed a motion to dismiss, which will be addressed separately, arguing that his petition is untimely. (Doc. 7.)

## MOTION TO STAY

Jackson has filed his motion for a stay and abeyance based on exhaustion of state claims, specifically, "a successive State post-conviction petition to be filed arising from newly-discovered evidence," allegedly demonstrating his innocence. The "newly discovered evidence" is a statement from a recanting victim, Jackson's daughter, who was 11 years old at the time of the crime, and is now in her mid-20s. (Doc. 6.)

The Supreme Court has explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

*Pliler v. Ford*, 542 U.S. 225, 230 (2004). A "mixed" petition contains both unexhausted and exhausted claims. *Pliler*, 542 U.S. at 227. Jackson's petition does not appear to be a "mixed" petition, which would be eligible for consideration of the "stay and abeyance" procedure.

The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005);

*Wiedbrauk v. Lavigne*, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), *cert. denied*, 549 U.S. 961 (2006). The procedure is appropriate only when the petitioner had good cause for a failure to exhaust. *Rhines*, 544 U.S. at 277. Jackson has not demonstrated good cause for a failure to exhaust his remedies in state court.

Jackson argues that he had good cause for his failure to present the claim because the victim had only recently come forward. (Doc. 6, at 2.) The respondent notes that the affidavit is dated three days before Jackson's habeas petition was filed. (Doc. 8, at 3; *see also* doc. 1.)

Jackson also claims that the "newly discovered evidence" is potentially meritorious, and he should be permitted to present the claim in state court.[1] (Doc. 6, at 2.) In opposition, the respondent points out that recantations of trial testimony are viewed with extreme suspicion, particularly when the victim is a family member. (Doc. 8, at 3, citing cases.) In addition, Jackson entered a plea of guilty to the rape, and apologized for what he had done, at his plea and sentencing hearing. (Doc. 1-7, Hearing Tr., at 17-18, 24.) The court also notes that there is evidence in the record of Jackson having attempted to influence the testimony of the victim. *See* doc. 7, RX 11, at [64]-[66].)

In any event, the fact that Jackson may raise a separate motion, or have a separate claim pending, in state court does not render his current petition a "mixed"

---

[1] Jackson is, of course, free to attempt to present his claim in the state courts, however this court rules as to his federal habeas petition.

3

petition. *Bowling v. Haeberline*, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). The court is not required to stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984).

The motion for a stay (doc. 6) is DENIED.

IT IS SO ORDERED.

Dated: Sept. 21, 2015  /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge