UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                          :
MAURICE JACKSON,                          :
                                          :          CASE NO. 1:15-CV-00253
                Petitioner,               :
                                          :
v.                                        :          OPINION & ORDER
                                          :          [Resolving Doc. Nos. 1, 7, 8, 11,
                                          :          12, 13]
ALAN J. LAZAROFF,                         :
                                          :
                Respondent.               :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 9, 2015, Petitioner Maurice Jackson petitioned for a writ of habeas corpus

under 28 U.S.C. § 2254.  He argues that constitutional violations occurred during his Cuyahoga

County Common Pleas Court criminal case.[1] Respondent  Lazaroff filed a motion to dismiss on

April 14, 2015.[2] Petitioner responded on April 28, 2015.[3]

Under Local Rule 72.2, the Court referred the petition to Magistrate Judge Kenneth S.

McHargh for a Report and Recommendation ("R&R"). On October 1, 2015, Magistrate Judge

McHargh recommended that the Court grant Respondent's motion to dismiss Petitioner's habeas

petition.[4] On October 8, 2015, Petitioner filed objections to Judge McHargh's R&R.[5]

For the following reasons, this Court **DENIES** Petitioner's objections to the R&R,

---

[1]Doc. 1.
[2]Doc. 7.
[3]Doc. 9.
[4]Doc. 11.
[5]Doc. 12. Respondent Replied. Doc. 13.

Case No.15-cv-00253
Gwin, J.

**ADOPTS** Magistrate Judge McHargh's R&R, and **DISMISSES WITHOUT PREJUDICE**

Petitioner's habeas petition.

## I. Procedural History

In 2000, and after plea negotiations in the Cuyahoga County Common Pleas Court, Petitioner

Maurice Jackson pled guilty to rape and kidnaping. As part of his plea deal, Petitioner Jackson

agreed to a 17 year sentence. He would serve 9 years for the rape charge consecutive to 8 years for

the kidnapping charge. The trial court imposed the 17 year sentence as set forth in the plea

agreement.

Since then, Petitioner Jackson has filed a number of motions challenging his sentence.

Magistrate Judge McHargh's Report and Recommendation details the various motions as follows:

> On March 16, 2001, Jackson filed his first motion titled, "motion to
> review sentence," arguing that his sentence was contrary to law
> because his rape and kidnapping offenses were allied offenses of
> similar import. The trial court denied this motion on March 29, 2001.
>
> On June 14, 2001, Jackson filed his first motion to withdraw his guilty
> plea. The trial court denied it on August 1, 2001. On August 21, 2001,
> Jackson attempted to appeal the decision. This court, however,
> dismissed the appeal for failure to file the record.
>
> On March 12, 2003, appellant sought leave to file a delayed appeal,
> which was denied by this court on March 17, 2003.
>
> On October 18, 2005, Jackson filed a motion to "merge allied offenses."
> The trial court denied his motion on October 24, 2005. Jackson
> appealed the denial to this court on November 21, 2005. This appeal
> was again dismissed for failure to file the record on January 27, 2006.
>
> On June 4, 2009, Jackson filed a motion "to merge allied offenses
> pursuant to Revised Code 2941.25." The state opposed the motion, and
> the trial court denied it on June 22, 2009. Jackson filed an untimely
> appeal of this judgment on September 10, 2009. This court dismissed
> the appeal, and Jackson sought leave to file a delayed appeal on
> September 17, 2009. Leave was denied by this court on September 19,

2

Case No.15-cv-00253
Gwin, J.

2009.

Jackson next filed another motion to withdraw his guilty plea
pursuant to Crim.R. 32.1 on January 19, 2010. The state opposed the
motion, and the motion was apparently denied although evidence of
the denial is lacking in the lengthy record. Appellant attempted to file
a delayed appeal of that decision, but was denied leave by this court on
September 7, 2010.

Jackson filed a motion "to impose valid sentence" on June 2, 2011. The
state opposed the motion, but also moved the court for a hearing to
properly impose postrelease control. Before the hearing was held,
Jackson filed another motion to withdraw his guilty plea to
kidnapping, but not his guilty plea to rape. The trial court held a
hearing on November 21, 2011, after which it denied Jackson's motion
to withdraw his kidnapping plea. The trial court did not address the
state's motion regarding postrelease control.

Jackson appealed, arguing that the trial court erred when it denied his
motion to withdraw his kidnapping plea. This court found that the
trial court did not abuse its discretion when it denied Jackson's motion
to withdraw his kidnapping plea, but we instructed the trial court to
address the outstanding issue of postrelease control.

Upon remand, the state filed a renewed motion for imposition of
postrelease control. Jackson filed a motion to vacate void judgment
pro se, but then his new counsel also filed a brief in support of
Jackson's motion. The trial court held a hearing on the state's and
Jackson's motions. At this hearing, Jackson argued that his rape and
kidnapping offenses were allied offenses of similar import and that he
was never advised of his appellate rights at his original sentencing
hearing.

The trial court denied Jackson's motion to vacate void judgment, and
properly advised Jackson about postrelease control.

Jackson appealed the trial court's denial of his motion to vacate, raising two
assignments of error:

1. The trial court erred in concluding that Jackson's rape and
kidnapping offenses were not allied offenses of similar import.

2. The trial court erred in refusing to remedy a due process violation
that arose when the trial court failed to advise Maurice Jackson and

3

Case No.15-cv-00253
Gwin, J.

effectively denied Maurice Jackson's right to a direct appeal.

Jackson filed a notice of appeal to the Supreme Court of Ohio, and set forth the
following propositions of law:

1. The trial court must reenter a criminal defendant's judgment of
conviction if the trial court failed to advise the defendant of his or her
appellate rights as required by Crim.R. 32 and state and federal due
process.

2. A motion to vacate a void sentence should not be treated as a postconviction
petition.

3. Consecutive sentences on allied offenses of similar import are
contrary to law and may be challenged at any time.

On July 23, 2014, the state high court declined to accept
jurisdiction of the appeal.[6]

Petitioner Jackson's petition for habeas corpus raised two grounds for relief from his

2000 convictions.[7] First, Jackson argues that his separate convictions for the charges of rape and

kidnapping violate the double jeopardy clause of the Fifth Amendment because they are allied

offenses. Second, Jackson asserted that the trial court failed at sentencing to advise him of his

right to directly appeal his plea.

 In response, Respondent filed a motion to dismiss Jackson's habeas petition. In seeking

dismissal, Respondent raises three arguments. Respondent argues that the claims are either

barred by the one-year statute of limitations contained in 28 U.S.C. 2244(d), procedurally

defaulted, or are otherwise not cognizable.[8]

    In response, Petitioner conceded that the double jeopardy claim was untimely, but argued

---

[6] Doc. 11.
[7] Doc. 1.
[8] Doc. 7.

4

Case No.15-cv-00253
Gwin, J.

that it should nevertheless be reviewed in order to prevent a miscarriage of justice.  Petitioner

Jackson now asserts that he is factually innocent of the alleged rape and kidnapping.[9/] Mr.

Jackson argues that his guilty plea equated to an *Alford* plea. He also points to a recent affidavit

by the victim recanting her testimony to support his factual innocence claim.

As to the second claim, Petitioner Jackson argues that he is entitled to merit review.

Jackson argues that the AEDPA one-year statute of limitations should be calculated under 28

U.S.C. 2244(d)(1)(D) which starts the clock on "the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due diligence."

Here, Jackson argues that he did not learn of his right to directly appeal until his attorney advised

him of it some time between February 22, 2013 and April 25, 2013.[10/]

Magistrate Judge McHargh rejected Petitioner's arguments, concluding that equitable

tolling is not available to save Petitioner's untimely petition as to his first claim.[9/] Judge

McHargh found Petitioner's second claim untimely under Section 2244(d)(1)(D) because the

record shows that Jackson must "have learned of his right to appeal prior to filing his 2003

motion for leave to file a delayed appeal."[10/]

Petitioner raised three objections to the R&R. However, all three objections seem to be

based on Petitioner objecting to Magistrate Judge McHargh not holding an evidentiary hearing.

Petitioner asks this Court to hold an evidentiary hearing to allow Mr. Jackson to introduce

---

[9/]Doc. 8. ("Accordingly, although untimely, Mr. Jackson's double jeopardy claim should be reviewed to prevent a miscarriage of justice because he asserts that he is factually innocent of the alleged rape and kidnapping.")

[10/]Doc. 8.

[9/]Doc.11. ("The court finds that Jackson has failed to carry his burden to show that this is one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence. The court does not find that equitable tolling is available to save his untimely petition.")

[10/]Doc.11.

Case No.15-cv-00253
Gwin, J.

sufficient evidence that would show his entitlement to equitable tolling and to show that his

second claim was not untimely.[11/]

## II. Analysis

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of

those portions of a Report and Recommendation to which the parties have made an objection.[12/]

Parties must file any objections to a Report and Recommendation within fourteen days of

service.[13/]  Failure to object within that time waives a party's right to appeal the magistrate

judge's recommendation.[14/] Absent objection, a district court may adopt the Magistrate Judge's

report without review.[15/] Accordingly, this Court will review Petitioner's three objections to the

R&R and will adopt the remainder of the R&R.

*Objection One: Petitioner's Request for an Evidentiary Hearing*

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the

sound discretion of the district court.[16/]  Under AEDPA, evidentiary hearings are not

mandatory.[17/] Instead, AEDPA contains express limitations on a federal court's discretion to

grant an evidentiary hearing. The statute provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State
> court proceedings, the court shall not hold an evidentiary hearing on the claim,

---

[11/]Doc. 12.

[12/]28 U.S.C. § 636(b)(1).

[13/]Fed. R. Civ. P. 72(a).

[14/]*See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

[15/]*Thomas*, 474 U.S. at 149.

[16/]*Schriro v. Landigrand*, 550 U.S. 465, 473 (2007).

[17/]*Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003).

6

Case No.15-cv-00253
Gwin, J.

> unless the applicant shows that—
> (A) the claim relies on:
> (I) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the
> exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for constitutional error, no reasonable fact-finder
> would have found the applicant guilty of the underlying offense.[18]

A hearing is unnecessary if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[13] "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[14]

Here, this Court finds that it is not required to hold an evidentiary hearing. As Magistrate Judge McHargh summarized in his Report and Recommendation, "Jackson entered a negotiated plea of guilty, and apologized for his behavior in open court. There was DNA evidence tending to support the victim's version of events. There is evidence of Jackson having previously attempted to influence the testimony of the victim."[15]

Further, regarding why he entered a guilty plea, Petitioner Jackson makes no argument apart from Jackson's observation that he would have likely been found guilty by a jury had he gone to trial.

*Objection Two: Factual Innocence Claim*

---

[18]/28 U.S.C. § 2254(e).
[13]/*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).
[14]/*Schriro*, 550 U.S. at 747.
[15]/Doc.11 at 12– 13.

Case No.15-cv-00253
Gwin, J.

Petitioner appears to allege that Magistrate Judge McHargh erred in finding that Petitioner is not entitled to equitable tolling, but Petitioner Jackson's arguments fail. Petitioner Jackson's factual innocence claim  is not believable because 1) Jackson did not enter an *Alford* plea; instead he fully admitted guilt and even volunteered an apology to the victim and 2) the victim's recent recantation is not credible. Petitioner Jackson again requests an evidentiary hearing.

This Court agrees with Magistrate Judge McHargh that Petitioner Jackson cannot avail himself of the equitable tolling provision of the habeas statute of limitations. To benefit from equitable tolling, a habeas petitioner must "demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing."[16] Petitioner Jackson relies on an "actual innocence" argument rather than making a showing of extraordinary circumstances.

The Supreme Court has held that to make an actual innocence claim, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt."[17]

The Court further explained, "to be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."[18]

---

[16] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011).
[17] *Schlup v. Delo*, 513 U.S. 298, 299 (1995).
[18] *Id*. at 324.

8

Case No.15-cv-00253
Gwin, J.

The Supreme Court further held that the actual innocence exception should "remain rare" and only be applied in "the extraordinary case."[19] As Magistrate Judge Mchargh explained, "it is Jackson's burden to show that this is 'one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence.'"[20]

Jackson fails to meet that burden. Jackson relies on two arguments to make his actual innocence claim. First, he argues that his guilty plea should equate to an *Alford* plea. Second, he points to the victim's recent recantation in a sworn affidavit. These two arguments do not meet the actual innocence standard.

First, this Court agrees with Magistrate Judge McHargh that "Jackson does not demonstrate that his plea should be considered an *Alford* plea."[19] There is no indication that Jackson's plea contained a protestation of innocence.[20] At the sentencing hearing, Jackson apologized for what he had done.[21] Thus, Jackson's plea does not meet the criteria required for

---

[19] *Id*. at 321.

[20] Doc.11 citing *McSwain v. Davis*, 287 F. App'x 450, 461 (6th Cir. 2008).

[19] Doc. 11 at 10.

[20] The trial court asked Petitioner Jackson, "Are you in fact guilty of April 9th, the year 2000, County of Cuyahoga, you unlawfully engaged in sexual conduct with Jane Doe, not your spouse, compelling her to submit by the use of force or threat of force? You guilty of that?" To which Petitioner Jackson responded, "Yes." The trial court then asked "Are you in fact guilty of April 9th, the year 2000, County of Cuyahoga, unlawfully by any means removing Jane Doe. . .from the place where she was found, or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter, and in terrorizing, by inflicting serious physical harm on Jane Doe, or engaging in sexual activity as defined in the Ohio Revised Code with Jane Doe, you guilty of that?" To which Petitioner Jackson replied, "Yes." Doc. 1-7, Hearing Tr., at 17–18.

[21] "First of all, I want to let the Court know that– first of all, I want the Court to know that I apologize for what's taking place; and secondly, I would like to let my family to know that, my daughter, her mother, her grandmother, that I'm accepting responsibility for what has taken place and they all can rest assured that given the fact that I'm receiving this time, I'm willing to humble myself and better myself, and you know I just want to let them know I love my kids and I love my family and they going to be in my thoughts and my deepest regrets. I apologize." Doc. 1-7, Hearing Tr., at 24.

Case No.15-cv-00253
Gwin, J.

an *Alford* plea.[22/]

Second, this Court agrees with Magistrate Judge McHargh's conclusion that victim recantations are suspect. This is especially true when the victim is a family member.[23/] In *Artiaga v. Money*, this Court previously found that a victim's recantation of her original testimony was not reliable evidence of actual innocence.[24/] In that decision, this Court cited to a number of academic articles and cases, including an Eighth Circuit decision that explained "this suspicion is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon, particularly when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story."[25/] Further, there is evidence in the record that Jackson attempted to influence the testimony of the victim.[26/]

This court agrees with Magistrate Judge McHargh that the recantation evidence here is not credible. As Magistrate Judge McHargh's Report and Recommendation explained, "Jackson entered a negotiated plea of guilty, and apologized for his behavior in open court. There was DNA evidence tending to support the victim's version of events. There is evidence of Jackson having previously attempted to influence the testimony of the victim."[27/]

Thus, equitable tolling is not available to save Jackson's untimely petition because he

---

[22/] *North. Carolina v. Alford*, 400 U.S. 25 (U.S. 1970)( holding that guilty pleas coupled with claims of innocence should not be accepted unless there is factual basis for plea and until judge has inquired into and sought to resolve conflict between waiver of trial and claim of innocence.)

[23/] Doc. 11 at 11.

[24/] *Artiaga v. Money*, No. 3:04CV7121, 2006 WL 1966612, at *11 (N.D. Ohio July 11, 2006).

[25/] *United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005).

[26/] *See* Doc. 7, RX 11, at 64-66.

[27/] Doc. 11 at 12-13;  The victim in Jackson's case described sex occurring on a blanket in the bedroom.  Police found semen stains on the blanket that matched Jackson.  Jackson gives no explanation how those stains could otherwise occur. *See* Doc. 7, RX 11, at [67].

Case No.15-cv-00253
Gwin, J.

failed to demonstrate that this is one of those extraordinary cases where new evidence has

established  a credible claim of actual innocence.

> *Objection Three: Evidentiary Hearing as to Appeal Issue*

Jackson's second habeas claim is that, at sentencing, the trial court failed to properly

advise him of his right to directly appeal his no contest plea. Jackson argues that he did not

discover his right to request a delayed direct appeal until advised of that right by counsel

sometime between February 22, 2013 and April 25, 2013.[28]

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on which the

factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." This limitation "begins when the prisoner knows (or through

diligence could discover) the important facts, not when the prisoner recognizes their legal

significance."[29]

A habeas petition under Section 2244(d)(1)(D) must be filed within one year from the

date of discovery. Here, Jackson argues that he did not discover his right to direct appeal until

informed by counsel sometime between February 22, 2013 and April 25, 2013. However,

Petitioner Jackson filed a pro se motion for leave to file a delayed appeal on March 14, 2003, a

decade before he now claims to have learned of his right to appeal.[30] In that motion, Petitioner

Jackson cited to *State v. Robinson*, a case where the "appellant, in moving for leave to file a

delayed appeal, asserted an earlier lack of knowledge that an appeal could be possible in certain

---

[28]Doc.1.

[29]*Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), as amended (Jan. 22, 2001).

[30]Doc. 7, RX 17-18.

Case No.15-cv-00253
Gwin, J.

circumstances, despite a plea of guilty."[31]

The fact that in 2003, Petitioner Jackson filed a motion to file a delayed appeal and cited to *State v. Robinson* makes it obvious that Jackson was aware, or should have been aware, with an exercise of minimal diligence, that he could take an appeal from his plea in March 2003. Jackson knew that he could have taken an appeal even after a guilty plea.

In his objections, Petitioner Jackson argues that the state court that reviewed his petition for a delayed appeal in 2003 had immediately denied  Petitioner's motion without explanation. Jackson argues that he could have misinterpreted the law after the denial of his motion and concluded that he does not have a right to appeal after a guilty plea.

This Court does not find that argument convincing. First, the denial of Petitioner's motion for leave to file a delayed appeal does not change that Jackson must have learned of the factual predicate for his second claim in order to file the motion for delayed appeal. Further, as Magistrate Judge McHargh notes in his report and recommendation, "as the procedural background above demonstrates, Jackson filed several other notices of appeal prior to 2013 as well."[32]

Petitioner Jackson could have been aware of the factual predicate of his second claim through the exercise of due diligence well over a year before he filed the present action. As such, Petitioner Jackson's second claim is not timely and no evidentiary hearing is required.

### III. Conclusion

Accordingly, the Court **ADOPTS** in whole Magistrate Judge McHargh's Report and

---

[31]/Doc. 11 (summarizing *State v. Robinson*, 101 Ohio App. 3d 238 (1995).)
[32]/Doc. 11 at  15.

Case No.15-cv-00253
Gwin, J.

Recommendation and incorporates it fully herein by reference. The Court **DENIES** Petitioner's

objections to the R&R, and **DISMISSES WITHOUT PREJUDICE** Petitioner's writ of habeas

corpus.  Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could be taken in good faith, and the Court hereby issues a certificate of

appealability pursuant to 28 U.S.C. 2253(c).[33/]

        IT IS SO ORDERED.


Dated: October 28, 2015                          s/      *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[33/]28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).